Ludeling, C. J.
Under a writ of sequestration, certain property was sequestered and taken out of the possession of Pierre Gourgotte, who released the property by bonding the same. Jean Porte, plaintiff in the sequestration suit, then took a rule against the sheriff to show cause why he should not be held responsible for the property, and to test the solvency of the bond given by defendant, Gourgotte. No notice was given to Gourgotte, the defendant. The bond was declared, not good, and the plaintiff was permitted to bond the property. As soon as the defendant learned what had been done he tendered other sureties, although he says the first bond was good, and this was refused. He then obtained an order for a suspensive appeal from the aforesaid orders of the court, and gave bond according to law. But notwithstanding this suspensive appeal the parties persist in taking and withholding the property from him. He then obtained a writ of prohibition from this court. To this the sheriff answers that this court is without jurisdiction to issue said writ, because he is executing the orders of a court which had jurisdiction of the case.
When the suspensive appeal had been taken, the inferior court was without jurisdiction in the matter, and the appellate jurisdiction of this court attached; and it is in aid of our appellate jurisdiction that we grant the prohibition. This is too well settled to be questioned now. Nor is there any force in the position that he can not be prohibited from doing what he has already done, or from disturbing the possession of property of relator, when he has no such possession. The relator had the right to take a suspensive appeal within ten days from the said order, and any attempt to execute the order before that time expired was unauthorized, and when the appeal was taken the parties were left in statu quo before the order, and the effect of the prohibition is to maintain the parties in the positions they were before the rendition of the order appealed from.
It is therefore ordered that the prohibition be made peremptory and that defendants pay costs.